UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

     Plaintiff,

v.

41B DISTRICT COURT,

     Defendant.

Case No.:  24-cv-12745
Hon. Robert J. White
Mag. Elizabeth A. Stafford

| CARLA D. AIKENS (P69530) | TIMOTHY S. FERRAND (P39583) |
|---|---|
| Carla D. Aikens, P.L.C. | Cummings, McClorey, Davis & Acho, P.L.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 615 Griswold, Suite 709 | 19176 Hall Road, Suite 205 |
| Detroit, MI 48226 | Clinton Township, MI  48038 |
| carla@aikenslawfirm.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## ANSWER TO COMPLAINT

Defendant, 41B DISTRICT COURT, by and through its attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for its Answer to the Complaint, provides as follows:

## JURY DEMAND

See Defendant's Reliance on Demand for Trial by Jury.

## PARTIES AND JURISDICTION

1.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

{02175003-1 }

2.      Defendant admits.

3.      Defendant denies a Violation of Title VII of the Civil Rights Act of 1964.  Defendant lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation.

4.      Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

5.      Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

## STATEMENT OF FACTS

6.      Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

7.      Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

8.      Defendant lacks knowledge and or information sufficient to form a belief as to the truth of the matter asserted which is unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

9.      Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

10.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

11.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

12.    Defendant denies this allegation which is untrue and unsupported in fact and law.

13.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

14.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

15.    Defendant lacks knowledge and or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and based on a false premise.

16.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

17.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

18.    Defendant denies this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and provided without context.

19.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

20.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is unsupported in fact and law, vague, ambiguous, ill-defined and based on a false premise.

21.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and unintelligible in its present form.

22.    Defendant denies this allegation which is untrue and unsupported in fact and law, vague, ambiguous, ill-defined and based on speculation.

23.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and unintelligible in its present form.

24.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-

defined.

25.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

26.     Defendant denies this allegation which is untrue and unsupported in fact and law, vague, ambiguous, ill-defined and provided without context.

27.     Defendant lacks knowledge and or information sufficient to form a belief as to the truth of the matter asserted which is unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

28.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is unsupported in fact and law, vague, ambiguous, ill-defined, provided without context and unintelligible in its present form.

29.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and based on a false premise.

30.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

31.     Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and provided without context.

32.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and provided without context.

33.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined. provided without context and unintelligible in its present form.

34.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

35.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

36.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

37.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined and provided without context.

38.    Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

39.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

40.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

41.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined and based on a false premises.

42.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

43.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and provided without context.

44.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

45.     Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is unsupported in fact and law, vague, ambiguous and ill-defined, based on a false premises and founded on speculation.

46.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

47.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

48.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

49.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

50.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

51.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

52.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and provided without context.

53.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

54.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and based on a false premise.

55.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is based on a false premises, vague, ambiguous, ill-defined and provided without context.

56.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

57.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

58.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

59.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

60.     Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted.

61.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

62.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

63.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, provided without context and based on speculation.

64.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

65.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

66.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

67.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and provided without context.

68.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

69.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

70.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

71.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, provided without context and unintelligible in its present form.

72.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and based on a false premises.

73.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

74.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

75.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

76.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises, provided without context and unintelligible in its present form.

77.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

78.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, based on a false premises and provided without context.

79.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

80.     Defendant denies this allegation which is untrue and unsupported in fact and law.

81.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

82.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

83.    Defendant denies that Plaintiff is entitled to the relief requested herein.

## <u>COUNT I</u>

**HARASSMENT & DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")**

84.    Defendant incorporates by reference its answers to allegations 1-83, above.

85.    Defendant denies this allegation which is untrue and unsupported in fact and law.

86.    Defendant denies this allegation which is untrue and unsupported in fact and law.

87.    Defendant denies this allegation which is untrue and unsupported in fact and law.

88.    Defendant denies this allegation which is untrue and unsupported in fact and law.

89.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

90.    Defendant denies this allegation which is untrue and unsupported in fact and law.

91.    Defendant denies this allegation which is untrue and unsupported in fact and law.

92.    Defendant denies this allegation which is untrue and unsupported in fact and law.

93.    Defendant denies this allegation which is untrue and unsupported in fact and law.

94.    Defendant denies this allegation which is untrue and unsupported in fact and law.

## COUNT II

### RETALIATION IN VIOLATION OF 42 U.S.C. §1981

95.    Defendant incorporates by reference its answers to allegations 1-94, above.

96.    Defendant admits that 42 U.S.C. §1981 provides equal rights under the law  to make and enforce contracts and to the full and equal benefits of the laws and proceedings for the security of persons and property. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the remainder of the allegation which is vague, ambiguous, ill-defined and provided out of context.

97.    Defendant denies this allegation which is untrue and unsupported in fact and law.

98.    Defendant denies this allegation which is untrue and unsupported in fact and law.

99.    Defendant denies this allegation which is untrue and unsupported in

fact and law.

100.   Defendant denies this allegation which is untrue and unsupported in fact and law.

101.   Defendant denies this allegation which is untrue and unsupported in fact and law.

102.   Defendant denies this allegation which is untrue and unsupported in fact and law.

103.   Defendant denies this allegation which is untrue and unsupported in fact and law.

104.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## **COUNT III**

## **RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981**

105.   Defendant incorporates by reference its answers to allegations 1-104, above.

106.   Defendant admits that 42 USC 1981 provides equal right under the law to make and enforce contracts and to the full and equal benefits of the law and proceedings for the security of persons and property. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the remainder of the allegation which is vague, ambiguous, ill-defined and provided out of context.

107.   Defendant denies this allegation which is untrue and unsupported in fact and law.

108.   Defendant denies this allegation which is untrue and unsupported in fact and law.

109.   Defendant denies this allegation which is untrue and unsupported in fact and law.

110.   Defendant denies this allegation which is untrue and unsupported in fact and law.

111.   Defendant denies this allegation which is untrue and unsupported in fact and law.

112.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## <u>COUNT IV</u>

## **RETALIATION IN VIOLATION OF TITLE VII**

113.   Defendant incorporates by reference its answers to allegations 1-112, above.

114.   Defendant denies this allegation which is untrue and unsupported in fact and law.

115.   Defendant denies this allegation which is untrue and unsupported in fact and law.

116.   Defendant denies this allegation which is untrue and unsupported in fact and law.

117.   Defendant denies this allegation which is untrue and unsupported in fact and law.

118.   Defendant denies this allegation which is untrue and unsupported in fact and law.

119.   Defendant denies this allegation which is untrue and unsupported in fact and law.

120.   Defendant denies this allegation which is untrue and unsupported in fact and law.

121.   Defendant denies this allegation which is untrue and unsupported in fact and law.

122.   Defendant denies this allegation which is untrue and unsupported in fact and law.

123.   Defendant denies that Plaintiff is entitled to the relief requested herein.

## COUNT V

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE AND RETALIATION

124.   Defendant incorporates by reference its answers to allegations 1-123, above.

125.   Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted.

126.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

127.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

128.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

129.   Defendant lacks knowledge and or information sufficient to forma belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, untrue and unsupported in fact and law and based on a false premises.

130.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, unsupported in fact and law, provided out of context and based on a false premises.

131.   Defendant denies this allegation which is untrue and unsupported in fact and law.

132.   Defendant denies this allegation which is untrue and unsupported in fact and law.

133.   Defendant denies this allegation which is untrue and unsupported in fact and law.

<u>**COUNT VI**</u>

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT –
RETALIATION**

134.   Defendant incorporates by reference its answers to allegations 1-133, above.

135.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

136.   Defendant denies this allegation which is untrue and unsupported in fact and law.

137.   Defendant objects to this allegation which is based on a representation of law, without context and without factual support. Further, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

138.   Defendant objects to this allegation which is based on a representation of law, without context and without factual support. Further, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

139.   Defendant objects to this allegation which is based on a representation of law, without context and without factual support. Further, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided without context.

140. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

141. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

142. Defendant denies this allegation which is untrue and unsupported in fact and law.

143. Defendant denies this allegation which is untrue and unsupported in fact and law.

144. Defendant denies this allegation which is untrue and unsupported in fact and law.

145. Defendant denies this allegation which is untrue and unsupported in fact and law.

146. Defendant denies this allegation which is untrue and unsupported in fact and law.

147. Defendant denies this allegation which is untrue and unsupported in fact and law.

148. Defendant denies this allegation which is untrue and unsupported in fact and law.

149. Defendant denies this allegation which is untrue and unsupported in fact and law.

150.   Defendant denies this allegation which is untrue and unsupported in fact and law.

151.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## **COUNT VII**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION**

152.   Defendant incorporates by reference its answers to allegations 1-151, above.

153.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

154.   Defendant denies this allegation which is untrue and unsupported in fact and law.

155.   Defendant objects to this allegation which is based on a representation of law without context and without factual support. Further, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of context.

156.   Defendant objects to this allegation which is based on a representation of law without context and without factual support. Further, Defendant Denies this allegation which is unsupported in fact and law. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is

vague, ambiguous, ill-defined and provided out of context.

157.   Defendant objects to this allegation which is based on a representation of law without context and without factual support. Further, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of context.

158.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

159.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

160.   Defendant denies this allegation which is untrue and unsupported in fact and law.

161.   Defendant denies this allegation which is untrue and unsupported in fact and law.

162.   Defendant denies this allegation which is untrue and unsupported in fact and law.

163.   Defendant denies this allegation which is untrue and unsupported in fact and law.

164.   Defendant denies this allegation which is untrue and unsupported in fact and law.

165.   Defendant denies this allegation which is untrue and unsupported in

fact and law.

166.   Defendant denies this allegation which is untrue and unsupported in fact and law.

167.   Defendant denies this allegation which is untrue and unsupported in fact and law.

168.   Defendant denies this allegation which is untrue and unsupported in fact and law.

169.   Defendant denies this allegation which is untrue and unsupported in fact and law.

170.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## <u>COUNT VIII</u>

## GENDER/SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF TITLE VII

171.   Defendant incorporates by reference its answers to allegations 1-170, above.

172.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

173.   Defendant denies this allegation which is untrue and unsupported in fact and law.

174.   Defendant denies this allegation which is untrue and unsupported in

fact and law.

175.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

176.   Defendant denies this allegation which is untrue and unsupported in fact and law.

177.   Defendant denies this allegation which is untrue and unsupported in fact and law.

178.   Defendant denies this allegation which is untrue and unsupported in fact and law.

179.   Defendant denies this allegation which is untrue and unsupported in fact and law.

180.   Defendant denies that Plaintiff is entitled to the relief requested herein.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order dismissing the above-entitled litigation, denying all relief sought by Plaintiff and awarding this Defendant its costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ TIMOTHY S. FERRAND
      TIMOTHY S. FERRAND (P39583)

Attorney for Defendant
19176 Hall Road, Suite 205
Clinton Township, MI 48038
Dated: November 25, 2024          (586) 228-5600

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

  Plaintiff,        Case No.:  24-cv-12745

             Hon. Robert J. White

v.             Mag. Elizabeth A. Stafford

41B DISTRICT COURT,

  Defendant.

| CARLA D. AIKENS (P69530) | TIMOTHY S. FERRAND (P39583) |
|---|---|
| Carla D. Aikens, P.L.C. | Cummings, McClorey, Davis & Acho, P.L.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 615 Griswold, Suite 709 | 19176 Hall Road, Suite 205 |
| Detroit, MI 48226 | Clinton Township, MI  48038 |
| carla@aikenslawfirm.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## **AFFIRMATIVE DEFENSES**

  Defendant, 41B DISTRICT COURT, by and through its attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, for its Affirmative Defenses,

provides as follows:

  1. Plaintiff has failed to state a claim and/or cause of action upon which

relief may be granted.

  2. The Defendant is entitled to Eleventh Amendment and Sovereign

Immunity.

  3. The Court lacks jurisdiction over claims asserted by private individuals

against the Defendant which is part of Michigan's one Court system and an arm or agency of the State of Michigan.

4.     Plaintiff's Title VII claims are barred in whole, or in part, by Plaintiff's failure to file a timely charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

5.     Plaintiff's Title VII claims are barred in whole, or in part, by Plaintiff's failure to exhaust administrative remedies through the EEOC and failure to file a Verified Complaint with the EEOC containing information sufficiently precise to identify the parties and describe the action or practices complained of, and requesting remedial action to protect the employee's rights with the EEOC.

6.     Plaintiff's Title VII claims are barred by Plaintiff's failure to exhaust administrative remedies through the EEOC and by Plaintiff's request for the issuance of an Early Right to Sue letter by the EEOC.

7.     Plaintiff's Title VII claims may be barred in whole, or in part, by Plaintiff's failure to file suit within 90 days after receiving the Right to Sue letter.

8.     The Plaintiff's Title VII claims are limited in scope to the EEOC Investigation which was reasonably expected to grow out of the Charge of Discrimination and the charge filed with the EEOC by the Plaintiff.

9.     Plaintiff's claims may be barred in whole, or in part, by Plaintiff's failure to exhaust administrative remedies with the Defendant.

10.     Plaintiff's claims may be barred in whole, or in part, by Plaintiff's failure to arbitrate.

11.     Plaintiff's claims are barred as Plaintiff was not qualified for the position.

12.     Plaintiff's claims are barred as the allegations in the complaint do not demonstrate an Adverse Employment Action.

13.     Plaintiff's claims are barred by Plaintiff's failure to plead and prove that similarly situated persons, who are not in the protected class, were treated differently than Plaintiff.

14.     Plaintiff was not qualified for the position, as she did not meet her employer's expectations for the position.

15.     Plaintiff's claims are barred by legitimate and non-discriminatory reasons for the Employment Actions taken.

16.     Plaintiff's claims may be barred in whole, or in part, by the After-Acquired Evidence Rule.

17.     Plaintiff's claims under 42 U.S.C. §1981 are barred by the absence of discrimination in the enforcement of a contract or contract term.

18.     Plaintiff's claims under 42 U.S.C. §1981 are barred by the absence of contract and Plaintiff's failure to exhaust administrative remedies under the Collective Bargaining Agreement.

19.    Plaintiff's claims under 42 U.S.C. §1981 are barred by Plaintiffs failure to plead or demonstrate discrimination regarding benefits and privileges, terms or conditions of employment, encompassed by contract.

20.    Plaintiff's claims of Retaliation are barred by Plaintiff's failure to plead or prove that she engaged in Protected Activity.

21.    Plaintiff's claims of Retaliation are barred by Plaintiff's failure to plead and prove the existence of a causal link between Protected Activity and an Adverse Employment Action.

22.    Plaintiff's claims of Retaliation are barred by Plaintiff's failure to make a charge, file a Complaint, or assist in an investigation of a complaint protected under the Act.

23.    Plaintiff's claims under the Family Medical Leave Act (FMLA) are barred, as Plaintiff was not a "qualifying employee" as defined by the Act.

24.    Plaintiff's claims under the FMLA are barred, as Plaintiff was unable to perform an essential function of the position and, therefore, had no right to restoration of that position under the FMLA, 29 CFR §825.214(b), et seq.

25.    Plaintiff's claims for Retaliation under the FMLA are barred, as Plaintiff did not oppose any practice made unlawful by the FMLA.

26.    Plaintiff's claims under the FMLA are barred, as Defendant did not "interfere with" any "entitlement" as defined by the FMLA.

27.     Plaintiff's claims under the FMLA are barred, as Defendant did not "retaliate" and/or "discriminate" based on any action taken by Plaintiff under the FMLA.

28.     Plaintiff was not entitled to additional Leave under the FMLA.

29.     Plaintiff did not provide Notice of Leave as required by the FMLA.

30.     Plaintiff was not denied a Benefit, for which she was entitled, under the FMLA.

31.     Plaintiff did not suffer any Adverse Action as defined by the FMLA.

32.     Plaintiff's claims under the Americans with Disabilities Act are barred, as States and State Agencies are protected from Employment Discrimination ADA Suits by private individuals based on Sovereign Immunity granted under the Eleventh Amendment.

33.     Plaintiff's claims under the ADA are barred, as Plaintiff does not meet the statutory definition of a "qualified individual with a disability".

34.     Plaintiff's claims under the ADA are barred, as Plaintiff did not oppose any act or practice made unlawful by the ADA.

35.     Plaintiff's claims under the ADA are barred, as Plaintiff was not a person qualified to perform the essential functions of the job, with or without a reasonable accommodation.

36.     Plaintiff's claims are barred by the applicable Statutes of Limitations.

37.    Defendant reserves the right to add additional Affirmative Defenses.

Respectfully Submitted,

**_Cummings, McClorey, Davis & Acho, PLC_**

By:    /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Defendant
19176 Hall Road, Suite 205
Clinton Township, MI 48038
Dated: November 25, 2024    (586) 228-5600

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

    Plaintiff,

v.

41B DISTRICT COURT,

    Defendant.

Case No.:  24-cv-12745
Hon. Robert J. White
Mag. Elizabeth A. Stafford

---

| CARLA D. AIKENS (P69530) | TIMOTHY S. FERRAND (P39583) |
|---|---|
| Carla D. Aikens, P.L.C. | Cummings, McClorey, Davis & Acho, P.L.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 615 Griswold, Suite 709 | 19176 Hall Road, Suite 205 |
| Detroit, MI 48226 | Clinton Township, MI  48038 |
| carla@aikenslawfirm.com | (586) 228-5600 |
| | tferrand@cmda-law.com |
| | tlange@cmda-law.com |

## **RELIANCE ON JURY DEMAND**

Defendant, 41B DISTRICT COURT, by and through its attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., hereby relies upon the Jury

Demand previously filed by Plaintiff in the above-entitled cause of action.

Respectfully Submitted,

*Cummings, McClorey, Davis & Acho, PLC*

By:  /s/ TIMOTHY S. FERRAND
      TIMOTHY S. FERRAND (P39583)
      Attorney for Defendant
      19176 Hall Road, Suite 205
      Clinton Township, MI 48038
Dated: November 25, 2024  (586) 228-5600

{02175003-1 }

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

**_Cummings, McClorey, Davis & Acho, PLC_**

By:   <u>/s/ Timothy S. Ferrand    </u>