UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

     Plaintiff,

v.

41B DISTRICT COURT,

     Defendant.

Case No.:  24-cv-12745
Hon. Robert J. White
Mag. Elizabeth A. Stafford

| | |
|---|---|
| CARLA D. AIKENS (P69530)<br>AUSTEN SHEAROUSE (P84852)<br>Carla D. Aikens, P.L.C.<br>Attorney for Plaintiff<br>615 Griswold, Suite 709<br>Detroit, MI 48226<br>carla@aikenslawfirm.com<br>austen@aikenslawfirm.com<br>katarzyna@aikenslawfirm.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorney for Defendant<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, the 41B DISTRICT COURT, by and through its attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., for its Answer to Plaintiff's First Amended Complaint, provides as follows:

## JURY DEMAND

See Defendant's Reliance on Demand for Trial by Jury.

## PARTIES AND JURISDICTION

1.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

2.    Defendant admits.

3.    Defendant denies a violation of Title VII of the Civil Rights Act of 1964 and denies the remainder of the allegation, which is untrue and unsupported in fact and law.

4.    Defendant denies this allegation as the Eleventh Amendment to the United States Constitution bars private individuals from suing a State Agency for money damages in Federal Court.  Further, Defendant invokes Eleventh Amendment and Sovereign Immunity.

5.    Defendant denies a violation of Title VII of the Civil Rights Act of 1964 and lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation.

## STATEMENT OF FACTS

6.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

7.    Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

8.    Defendant denies this allegation which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

9.    Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

10.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

11.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

12.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

13.     Defendant denies this allegation, which is untrue and unsupported in fact and law.

14.     Defendant denies this allegation, which is untrue and unsupported in fact and law.

15.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined and unintelligible in its present form.

16.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined

and unintelligible in its present form.

17.     Defendant denies this allegation, which is untrue and unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

18.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined and unintelligible in its present form.

19.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined and unintelligible in its present form.

20.     Defendant denies this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

21.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous and ill-defined.

22.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted, which is vague, ambiguous, ill-defined and unintelligible in its present form.

23.     Defendant denies this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

24.     Defendant denies this allegation, which is untrue, unsupported in fact

and law, vague, ambiguous, ill-defined and unintelligible in its present form.

25.     Defendant denies this allegation, which is untrue, unsupported in fact and law, vague, ambiguous, ill-defined and unintelligible in its present form.

26.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

27.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

28.     Defendant denies this allegation, which is untrue, unsupported in fact and law, vague, ambiguous and ill-defined.

29.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

30.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

31.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

32.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

33.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

34.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

35.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

36.     Defendant admits that Thomas Jury was assigned to the position of Probation Officer.  Defendant lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous and ill-defined.

37.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

38.     Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

39.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

40.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

41.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

42.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

43.     Defendant admits that Mr. Jury was assigned to perform the duties of Probation Officer.  Defendant lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation, which is vague, ambiguous and ill-defined.

44.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-

defined.

45.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

46.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

47.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

48.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

49.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

50.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

51.     Defendant lacks knowledge and/or information sufficient to form a

belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

52.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

53.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

54.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

55.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

56.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

57.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

58.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

59.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

60.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

61.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

62.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

63.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

64.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and unintelligible in its present form.

65.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

66.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

67.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

68.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

69.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and contains factual and legal conclusions which are unsupported by evidence.

70.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

71.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined

and is provided without context.

72.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and is provided without context.

73.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and unintelligible in its present form.

74.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

75.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

76.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined, provided without context and is unintelligible in its present form.

77.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

78.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined,

and is based on a legal conclusion without supporting fact or evidence.

79.     Defendant denies this allegation which is untrue and unsupported in fact and law.

80.     Defendant denies this allegation which is untrue and unsupported in fact and law.

81.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

82.     Defendant denies this allegation which is untrue and unsupported in fact and law.

83.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

84.     Defendant admits that on July 18, 2024 a Determination and Notice of Rights was issued by the Equal Employment Opportunity Commission.  Defendant lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation.

85.     Defendant denies that Plaintiff is entitled to the relief requested in the prayer for relief below.

## <u>COUNT I</u>
## HARRASMENT(sic) & DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")

86.     Defendant incorporates by reference its answers to allegations 1-85, above.

87.     Defendant denies this allegation which is untrue and unsupported in fact and law.

88.     Defendant denies this allegation which is untrue and unsupported in fact and law.

89.     Defendant denies this allegation which is untrue and unsupported in fact and law.

90.     Defendant denies this allegation which is untrue and unsupported in fact and law.

91.     Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

92.     Defendant denies this allegation which is untrue and unsupported in fact and law.

93.     Defendant denies this allegation which is untrue and unsupported in fact and law.

94.     Defendant denies this allegation which is untrue and unsupported in fact and law.

95.    Defendant denies this allegation which is untrue and unsupported in fact and law.

96.    Defendant denies this allegation which is untrue and unsupported in fact and law.

## COUNT II

### RETALIATION IN VIOLATION OF 42 USC § 1981

97.    Defendant incorporates by reference its answers to allegations 1-96, above.

98.    Defendant admits that 42 USC § 1981 provides equal rights under the law to make and enforce contracts and to the full and equal benefit of the laws and proceedings for the security of persons and property.  Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the remainder of the allegation which is vague, ambiguous and ill-defined.

99.    Defendant denies this allegation which is untrue and unsupported in fact and law.

100.   Defendant denies this allegation which is untrue and unsupported in fact and law.

101.   Defendant denies this allegation which is untrue and unsupported in fact and law.

102.   Defendant denies this allegation which is untrue and unsupported in

fact and law.

103.   Defendant denies this allegation which is untrue and unsupported in fact and law.

104.   Defendant denies this allegation which is untrue and unsupported in fact and law.

105.   Defendant denies this allegation which is untrue and unsupported in fact and law.

106.   Defendant denies this allegation which is untrue and unsupported in fact and law.

**COUNT III**

**RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981**

107.   Defendant incorporates by reference its answers to allegations 1-106, above.

108.   Defendant admits that 42 USC § 1981 provides equal rights under the law to make and enforce contracts and to the full and equal benefits of the law and proceedings for the security of persons and property.  Defendant lacks knowledge and/or information sufficient to form a belief as to the remainder of the allegation which is vague, ambiguous and ill-defined.

109.   Defendant denies this allegation which is untrue and unsupported in fact and law.

110.   Defendant denies this allegation which is untrue and unsupported in fact and law.

111.   Defendant denies this allegation which is untrue and unsupported in fact and law.

112.   Defendant denies this allegation which is untrue and unsupported in fact and law.

113.   Defendant denies this allegation which is untrue and unsupported in fact and law.

114.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## COUNT IV

### RETALIATION IN VIOLATION OF TITLE VII

115.   Defendant incorporates by reference its answers to allegations 1-114, above.

116.   Defendant denies this allegation which is untrue and unsupported in fact and law.

117.   Defendant denies this allegation which is untrue and unsupported in fact and law.

118.   Defendant denies this allegation which is untrue and unsupported in fact and law.

119.   Defendant denies this allegation which is untrue and unsupported in fact and law.

120.   Defendant denies this allegation which is untrue and unsupported in fact and law.

121.   Defendant denies this allegation which is untrue and unsupported in fact and law.

122.   Defendant denies this allegation which is untrue and unsupported in fact and law.

123.   Defendant denies this allegation which is untrue and unsupported in fact and law.

124.   Defendant denies this allegation which is untrue and unsupported in fact and law.

125.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## **COUNT V**

### **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE AND RETALIATION**

126.   Defendant incorporates by reference its answers to allegations 1-125, above.

127.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined

and lacks context as to time and place.

128.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined and lacks context as to time and place.

129.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

130.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

131.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

132.   Defendant admits that the FMLA prohibits retaliation for exercising rights under the FMLA. Defendant denies retaliating against Ms. Brownlee.

133.   Defendant denies this allegation which is untrue and unsupported in fact and law.

134.   Defendant denies this allegation which is untrue and unsupported in fact and law.

135.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## COUNT IV

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RETALIATION

136.   Defendant incorporates by reference its answers to allegations 1-135, above.

137.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

138.   Defendant denies this allegation which is untrue and unsupported in fact and law.

139.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of context.

140.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of context.

141.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous, ill-defined and provided out of context.

142.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

143.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

144.   Defendant denies this allegation which is untrue and unsupported in fact and law.

145.   Defendant denies this allegation which is untrue and unsupported in fact and law.

146.   Defendant denies this allegation which is untrue and unsupported in fact and law.

147.   Defendant denies this allegation which is untrue and unsupported in fact and law.

148.   Defendant denies this allegation which is untrue and unsupported in fact and law.

149.   Defendant denies this allegation which is untrue and unsupported in fact and law.

150.   Defendant denies this allegation which is untrue and unsupported in fact and law.

151.   Defendant denies this allegation which is untrue and unsupported in fact and law.

152.   Defendant denies this allegation which is untrue and unsupported in

fact and law.

153.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## COUNT VII

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION

154.   Defendant incorporates by reference its answers to allegations 1-153, above.

155.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

156.   Defendant denies this allegation which is untrue and unsupported in fact and law.

157.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

158.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

159.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

160.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

161.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined as to context, time and place.

162.   Defendant denies this allegation which is untrue and unsupported in fact and law.

163.   Defendant denies this allegation which is untrue and unsupported in fact and law.

164.   Defendant denies this allegation which is untrue and unsupported in fact and law.

165.   Defendant denies this allegation which is untrue and unsupported in fact and law.

166.   Defendant denies this allegation which is untrue and unsupported in fact and law.

167.   Defendant denies this allegation which is untrue and unsupported in fact and law.

168.   Defendant denies this allegation which is untrue and unsupported in fact and law.

169.   Defendant denies this allegation which is untrue and unsupported in fact and law.

170.   Defendant denies this allegation which is untrue and unsupported in fact and law.

171.   Defendant denies this allegation which is untrue and unsupported in fact and law.

172.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## **COUNT VIII**
### **GENDER/SEXUAL HARRASMENT(SIC)/DISCRIMINATION IN VIOLATION OF TITLE VII**

173.   Defendant incorporates by reference its answers to allegations 1-172, above.

174.   Defendant denies this allegation which is untrue and unsupported in fact and law.

175.   Defendant denies this allegation which is untrue and unsupported in fact and law.

176.   Defendant denies this allegation which is untrue and unsupported in fact and law.

177.   Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

178.   Defendant denies this allegation which is untrue and unsupported in fact and law.

179.   Defendant denies this allegation which is untrue and unsupported in fact and law.

180.   Defendant denies this allegation which is untrue and unsupported in fact and law.

181.   Defendant denies this allegation which is untrue and unsupported in fact and law.

182.   Defendant denies this allegation which is untrue and unsupported in fact and law.

## **RELIEF REQUESTED**

Defendant respectfully requests this Honorable Court enter an Order Dismissing the above-entitled litigation, denying all relief sought by Plaintiff and awarding this Defendant its costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Defendant
19176 Hall Road, Suite 205
Clinton Township, MI 48038
Dated: December 30, 2024       (586) 228-5600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

***Cummings, McClorey, Davis & Acho, PLC***

By:   /s/ Timothy S. Ferrand

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

     Plaintiff,

v.

41B DISTRICT COURT,

     Defendant.

Case No.: 24-cv-12745
Hon. Robert J. White
Mag. Elizabeth A. Stafford

---

CARLA D. AIKENS (P69530)
AUSTEN SHEAROUSE (P84852)
Carla D. Aikens, P.L.C.
Attorney for Plaintiff
615 Griswold, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
austen@aikenslawfirm.com
katarzyna@aikenslawfirm.com

TIMOTHY S. FERRAND (P39583)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Defendant
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com

---

## <u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S</u><br><u>FIRST AMENDED COMPLAINT</u>

Defendant, the 41B DISTRICT COURT, by and through its attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., for its Affirmative Defenses

to Plaintiff's First Amended Complaint, provides as follows:

1.    Plaintiff has failed to state a claim and/or cause of action upon which

relief may be granted.

2.    The Defendant is entitled to Eleventh Amendment and Sovereign

Immunity.

3.      The Eleventh Amendment prohibits a cause of action in Federal Court for money damages filed by an individual against a State Agency or Arm of the State.

4.      The Court lacks jurisdiction to adjudicate claims asserted by private individuals against a Michigan State Court for money damages.

5.      Plaintiff's Title VII claims are barred by Plaintiff's failure to file a timely charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

6.      Plaintiff's Title VII claims are barred by Plaintiff's failure to exhaust administrative remedies through the EEOC.

7.      Plaintiff's Title VII claims are barred by Plaintiffs failure to file a Verified Complaint with the EEOC containing information sufficiently precise to identify the parties and describe the action or practices complained of (in this Complaint) and to request remedial action to protect the employee's rights with the EEOC.

8.      Plaintiff's Title VII claims are barred by Plaintiff's failure to exhaust administrative remedies through the EEOC and by the EEOC's issuance of an early Determination and Notice of Rights letter (without considering the charge of discrimination).

9.      Plaintiff's Title VII claims may be barred in whole, or in part, by

Plaintiff's failure to file suit regarding the claims preserved in the charge of discrimination filed with the EEOC within 90 days after receiving the Determination and Notice of Rights from the EEOC.

10.     The Plaintiff's Title VII claims are limited in scope to the EEOC Investigation which was reasonably expected to grow out of the Charge of Discrimination filed with the EEOC by the Plaintiff.

11.     Plaintiff's claims may be barred in whole, or in part, by Plaintiff's failure to exhaust administrative remedies with the Defendant.

12.     Plaintiff's claims may be barred in whole, or in part, by Plaintiff's failure to arbitrate.

13.     Plaintiff's claims are barred as Plaintiff was not qualified for the position.

14.     Plaintiff's claims are barred as Plaintiff was not the subject of an Adverse Employment Action.

15.     Plaintiff's claims of discrimination are barred as Defendant did not treat similarly situated persons differently because of Race or sex.

16.     Plaintiff was not qualified for the position as she could not perform the essential duties of the position.

17.     Plaintiff's claims are barred by legitimate and non-discriminatory reasons for the Employment Action, including Plaintiff's failure to return to work

after exhausting her FMLA benefits.

18.     Plaintiff's claims may be barred in whole, or in part, by the After-Acquired Evidence Rule.

19.     Plaintiff's claims under 42 U.S.C. §1981 are barred by the absence of a contract or contract term and the absence of discriminatory treatment.

20.     Plaintiff's claims under 42 U.S.C. §1981 are barred by the absence of contract and Plaintiff's failure to exhaust administrative remedies.

21.     Plaintiff's claims under 42 U.S.C. §1981 are barred by Plaintiffs failure to plead discrimination regarding the benefits, privileges, terms or conditions of employment, encompassed by agreement.

22.     Plaintiff's claims of Retaliation are barred by Plaintiff's failure to plead or prove that she engaged in Activity Protected under any act.

23.     Plaintiff's claims of Retaliation are barred by the absence of a causal link between Protected Activity and an Adverse Employment Action.

24.     Plaintiff's claims of Retaliation are barred by Plaintiff's failure to make a charge, file a Complaint, or assist in an investigation of a complaint protected under the Act.

25.     Plaintiff's claims under the Family Medical Leave Act (FMLA) are barred, as Plaintiff was not a "qualifying employee" as defined by the Act.

26.     Plaintiff's claims under the FMLA are barred, as Plaintiff was unable

to perform essential job functions (after exhausting her FMLA rights) and therefore, had no right to restoration to that position under the FMLA, 29 CFR §825.214(b), et seq.

27.    Plaintiff's claims for Retaliation under the FMLA are barred, as Plaintiff did not oppose any practice made unlawful by the FMLA.

28.    Plaintiff's claims under the FMLA are barred, as Defendant did not "interfere with" any "entitlement" as defined by the FMLA.

29.    Plaintiff's claims under the FMLA are barred, as Defendant did not "retaliate" and/or "discriminate" based on any action taken by Plaintiff under the FMLA.

30.    Plaintiff's claims under the FMLA are barred as Plaintiff exhausted her rights to leave under the FMLA and was not entitled to additional Leave under the FMLA.

31.    Plaintiff did not provide Notice of Leave as required by the FMLA.

32.    Plaintiff was not denied a Benefit, for which she was entitled, under the FMLA.

33.    Plaintiff did not suffer any Adverse Action as defined by the FMLA.

34.    Plaintiff's claims under the Americans with Disabilities Act are barred, as a Private Individual is barred from pursuing a claim for money damages against a State Agency under the American's with Disabilities Act by the Eleventh

Amendment.

35.    Plaintiff's claims under the ADA are barred, as Plaintiff does not meet the statutory definition of a "qualified individual with a disability".

36.    Plaintiff's claims under the ADA are barred as Plaintiff could not perform the essential functions of her job with or without an accommodation.

37.    Plaintiff's claims under the ADA are barred, as Plaintiff did not oppose any act or practice made unlawful by the ADA.

38.    Plaintiff's claims under the ADA are barred, as Plaintiff was not a person qualified to perform the essential functions of the job, with or without a reasonable accommodation.

39.    Plaintiff's Claims under the ADA are barred as Plaintiff did not seek an accommodation.

40.    Plaintiff's claims are barred by her failure to re-apply for employment.

41.    Plaintiff's claims are barred by the applicable Statutes of Limitations.

42.    Defendant reserves the right to add additional Affirmative Defenses.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By:    /s/ TIMOTHY S. FERRAND
       TIMOTHY S. FERRAND (P39583)
       Attorney for Defendant
       19176 Hall Road, Suite 205
       Clinton Township, MI 48038
Dated: December 30, 2024          (586) 228-5600

(02198288-1) 6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

*Cummings, McClorey, Davis & Acho, PLC*

By:    /s/ Timothy S. Ferrand

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CARLA BROWNLEE,

      Plaintiff,

v.

41B DISTRICT COURT,

      Defendant.

Case No.:  24-cv-12745
Hon. Robert J. White
Mag. Elizabeth A. Stafford

| | |
|---|---|
| CARLA D. AIKENS (P69530)<br>AUSTEN SHEAROUSE (P84852)<br>Carla D. Aikens, P.L.C.<br>Attorney for Plaintiff<br>615 Griswold, Suite 709<br>Detroit, MI 48226<br>carla@aikenslawfirm.com<br>austen@aikenslawfirm.com<br>katarzyna@aikenslawfirm.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorney for Defendant<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

## **RELIANCE ON JURY DEMAND**

      Defendant, 41B DISTRICT COURT, by and through its attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., hereby relies upon the Jury

Demand previously filed by Plaintiff in the above-entitled cause of action.

                  Respectfully Submitted,

                  ***Cummings, McClorey, Davis & Acho, PLC***

      By:   /s/ TIMOTHY S. FERRAND
            TIMOTHY S. FERRAND (P39583)
            Attorney for Defendant
            19176 Hall Road, Suite 205
            Clinton Township, MI 48038

Dated: December 30, 2024                    (586) 228-5600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

***Cummings, McClorey, Davis & Acho, PLC***

By:    <u>/s/ Timothy S. Ferrand</u>

{02198288-1}2